# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18 MC 40

| | | |
|---|---|---|
| MORGAN K. OSBORNE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GOOGLE, LLC,[1] | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court upon a "Notice to the Court & Request for Corrective Action by the Court Concerning a Subpoena from Applicant--Federal Rules of Civil Procedure Rule 45(a)(4)" filed by Petitioner Morgan K. Osborne ("Osborne"). Osborne's filing is essentially a motion pursuant to Rule 45 of the Federal Rules of Civil Procedure that seeks relief in relation to a subpoena that was issued by the Clerk of this Court in connection with a matter pending before the Trademark Trial and Appeal Board ("TTAB") of the United States Patent & Trademark Office.

---

[1] This case was originally captioned as Osborne v. Google Inc.

**I.     Background**

The background of this dispute, in relevant part, is as follows:

On March 4, 2016, Google, LLC ("Google") filed a trademark application with the United States Patent & Trademark Office. See Declaration of Brian J. Focarino (Doc. 3-1) ("Focarino Decl.") at 1.

In response, Osborne, through counsel, filed a Notice of Opposition with the TTAB arguing that Google's proposed mark would likely cause confusion with a separate trademark owned by him. Google asserted a counterclaim against Osborne. See Focarino Decl. at 2.

During discovery in the TTAB proceeding, Google caused multiple subpoenas to be issued pursuant to 35 U.S.C. § 24. See Focarino Decl. at 3-4. One such subpoena was issued by the Clerk of this District ("Subpoena") on November 6, 2018. See Focarino Decl., Ex. H. The Subpoena was directed to Computer America and required the production of various materials at 10:00 a.m. on November 21, 2018.

Google, through counsel, notified Osborne in an email sent at 3:38 PM EST on November 7, 2018, of Google's intent to serve the Subpoena and others "today." Attached to the email was a Notice of Subpoenas along with copies of ten (10) subpoenas, including the one to Computer America. See Focarino Decl. at 3-4 and Ex. H.

The Subpoena was served on Computer America less than two hours later, at 5:30 PM EST on November 7, 2018. See Focarino Decl. at 4.

Osborne responded by email to Google's counsel at 8:39 PM EST that night, complaining that he had not been provided with prior notice of the subpoenas pursuant to Rule 45(a)(4). See Focarino Decl. at 5.

Counsel for Google replied on November 9, 2018 that Google had "complied with Rule 45. We provided you with notice of all the subpoenas prior to when the third parties were served." See Focarino Decl. Ex. K.

On November 14, 2018, Osborne, proceeding *pro se*, filed his Notice with this Court. See (Doc. 1).

On November 21, 2018, the Court entered an order staying the deadline for compliance with the Subpoena. See (Doc. 2).

On November 28, 2018, Google filed its Opposition to Mr. Morgan K. Osborne's Request for Corrective Action (Doc. 3).

On December 7, 2018, Osborne filed his Response in Support of Motion (Doc. 5).

**II.  Discussion**

Title 35, United States Code, Section 24 authorizes parties to TTAB proceedings to utilize certain civil discovery tools. In pertinent part, the statute provides:

> The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent and Trademark Office.

35 U.S.C. § 24. This section has been interpreted to allow a party to a TTAB proceeding to obtain documents, as well as depositions, from third parties under Rule 45. See El Encanto, Inc. v. Hatch Chile Co., Inc., 825 F.3d 1161 (10th Cir. 2016).

Since Osborne's Notice will be construed as a motion to quash, Osborne, as the moving party, bears the burden of proving that the Subpoena should be modified or quashed. See Maxtena, Inc. v. Marks, 289 F.R.D. 427, 439 (D. Md. 2012) (citing Fleet Bus. Credit, LLC v. Solarcom, LLC, No. Civ. AMD 05-901, 2005 WL 1025799, at *1 (D. Md. May 2, 2005) (internal quotation marks omitted)). Osborne raises two (2) arguments in this regard--first, that he did not receive adequate advance notice of the Subpoena before it was served, and second, that the Subpoena contained misrepresentations.

With respect to Osborne's first argument, Rule 45(a)(4) of the Federal Rules of Civil Procedure states:

> ***Notice to Other Parties Before Service.*** If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

Fed. R. Civ. P. 45(a)(4).

Some districts have adopted local rules that provide additional guidance on the interpretation of the phrase "before it is served." See, e.g., Nebraska Local Civil Rule 45.1 (adverse party given 7 days to object following receipt of notice) https://www.ned.uscourts.gov/internetDocs/localrules/NECivR.2018.pdf and Utah Local Civil Rule 45-1 (subpoena may not be served upon nonparty until four (4) days after service of the notice) https://www.utd.uscourts.gov/local-civil-rules#DUCivR45-1.

This District's Local Civil Rule 45.2 (Notice of Document Subpoena to Non-Party) became effective on January 1, 2018 and provides as follows:

> A notice of the issuance of a document subpoena to a non-party and a copy of the subpoena, as required by Fed. R. Civ. P. 45(a)(4), shall be served on all other parties at least three (3) calendar days before the date on which the subpoena is served on the non-party. This notice period may be altered by agreement of the parties or order of the Court.

The notes from the Local Rules Advisory Committee describe the rationale for Local Rule 45.2:

> This new Rule is intended to avoid surprise and allow opposing counsel an opportunity to move to quash non-party subpoenas

> before they are served, resulting in more cost-effective litigation. Fed. R. Civ. P. 45(a)(4), while requiring notice, does not provide a specific time frame for serving the notice, resulting in some cases of nearly simultaneous service of opposing counsel and the third-party custodian of documents. The Local Rule provides that such notice be served on other parties at least three days before service of the subpoena.

Some authorities have indicated that violation of the notice requirement of Rule 45 is a basis upon which a subpoena may be quashed. See, e.g., Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP, No. 03 CIV. 5560(RMB)HBP, 2008 WL 4452134, at *3 (S.D.N.Y. Oct. 2, 2008) ("Thus, the service here clearly did not comply with Rule 45's prior notice requirement. Some courts have quashed subpoenas on that basis alone."); Deuss v. Siso, No. 14-CV-710 YGR(JSC), 2014 WL 4275715, at *4 (N.D. Cal. Aug. 29, 2014) (quashing subpoenas in violation of Rules 26(d)(1) and 45(a)(4)); see also Carrillo v. B&J Andrews Enters., LLC, No. 2:11-cv-01450-MMD-CWH, 2013 WL 310365, at *2 (Jan. 24, 2013) (D. Nev. Jan. 24, 2013) (denying motion to compel due to violation of Rule 45 and local rules regarding discovery motions).

Other cases, however, have looked to whether the opposing party has been prejudiced by the lack of required notice. See, e.g., Fujikura Corp. Ltd. v. Finisar Corp., No. 15-MC-80110 HRL(JSC), 2015 WL 5782351, at *4 (N.D. Cal. Oct. 5, 2015) (noting that courts in the Northern District of California have declined to quash subpoenas when opposing counsel have been given notice and sufficient time to object).

District courts within the Fourth Circuit have reached similar conclusions.

For example, in Phillips v. Ottey, the court noted that

> Upon a finding that notice was not given, "courts can either strike the subpoenas or allow the affected parties the opportunity to object." PagánColón v. Walgreens of San Patricio, Inc., 264 F.R.D. 25, 28 (D.P.R. 2010); see also Biocore Medical Technologies, Inc. v. Khosrowshahi, 181 F.R.D. 660, 668 (D. Kan. 1998). "Delayed service alone, however, is not a basis to quash a subpoena. The objecting party must also demonstrate prejudice." Malinowski v. Wall Street Source, Inc., No. 09 Civ. 9592(JGK)(JLC), 2010 WL 4967474, at *2 (S.D.N.Y. Nov. 23, 2010).

No. DKC 14-0980, 2016 WL 6582647, at *4 (D. Md. Nov. 7, 2016) (quoting Mayor & City Council of Baltimore v. Unisys Corp., No. JKB-12-614, 2013 WL 6147780, at *3 (D. Md. Nov. 21, 2013) (denying motion to quash where opposing party did not learn of non-party subpoena until three months after service because party suffered no prejudice); see also U.S. Equal Employment Opportunity Comm'n v. Bojangles' Restaurants, Inc., No. 5:16-CV-654-BO, 2017 WL 2889493, at *5 (E.D.N.C. July 6, 2017) ("Even if defendant's conduct were deemed a technical violation of the rule, the court could still overlook the violation and review the merits of the objection if there were no prejudice to plaintiff.").[2]

---

[2] Google is correct that Jones v. Dole Food Co., Inc., No. 3:10CV292-RLV-DSC, 2010 WL 5395797, at *1 (W.D.N.C. Dec. 23, 2010) from this District references this concept as well, though it was issued prior to the effective date of Local Rule 45.2.

In this case, Google acknowledges, as it must, that its notice "did not satisfy Local Civil Rule 45.2, which requires three-days' notice," Opp'n. at 1. Google does not provide an explanation for this shortcoming. See Jones v. Dole Food Co. Inc., No. 3:10CV292-RLV-DSC, 2010 WL 5395797, at *1 (W.D.N.C. Dec. 23, 2010). ("Defendants mistakenly served Plaintiff and RHA with the subpoena simultaneously.") (emphasis added).

Yet, and without deciding whether a violation of either Rule 45(a)(4) or Local Rule 45.2, standing alone, could ever be a sufficient basis upon which to quash or modify a subpoena, the Court will decline to quash the Subpoena under the circumstances presented here. See Ello v. Brinton, No. 2:14-CV-299-TLS-JEM, 2017 WL 56316, at *5 (N.D. Ind. Jan. 5, 2017) ("A lack of prejudice by a failure to comply with Rule 45(a)(4) might not always save a non-compliant party's subpoenas, but in this case Plaintiffs' failure to notify Defendants was truly harmless."); Fujikura Ltd., 2015 WL 5782351, at *4 ("The subpoenas were improper and could be quashed on this basis, but the Court declines to quash the subpoena solely on the grounds that it violated Rule 45(b)(1)'s prior notice requirement"). While Osborne was not given the amount of notice required by Local Rule 45.2, Google did advise Osborne "before" it served the Subpoena (though just barely). Further, Osborne has not been prejudiced – he responded back to Google on November 7 and was able to file a motion challenging the Subpoena prior to the

time for compliance by Computer America, which resulted in this Court's Order of November 21, 2018.[3]

Osborne's second argument fails as well.

> A party generally has no standing to file a motion to quash a subpoena issued to a third-party based upon Rule 45(c). Joiner v. Choicepoint Servs., Inc., No. 1:05CV321, 2006 WL 2669370, at *4 (W.D.N.C. Sept. 15, 2006) (citing Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo.1997)) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought. . . . Absent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum."). The Fourth Circuit has held that a party lacks standing to move to quash a subpoena issued to a nonparty when the party seeking to challenge the subpoena fails to show a personal right or privilege in the information sought by the subpoena. U.S. v. Idema, No. 04–6130, 118 Fed. Appx. 740, 2005 WL 17436, at *3 (C.A.4 (N.C.) Jan. 4, 2005) (citing Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 635 (D. Kan.1999)).

Carolina Materials, LLC v. Cont'l Cas. Co., No. 3:08CV158-RJC, 2009 WL 4611519, at *3 (W.D.N.C. Dec. 1, 2009).

Here, Osborne has not demonstrated that he has some personal right or privilege in the information sought that would provide him with standing to move

---

[3] For his part, Osborne has also run afoul of procedural rules as he failed to submit a filing fee with the Notice. Nonetheless, in its discretion, the Court has considered Osborne's request.

to quash the Subpoena. Even if Osborne had standing to make such a challenge, his argument that the descriptions in the Subpoena amount to misrepresentations is without merit, particularly since Osborne has used similar references himself. See Focarino Declaration at Ex. J at 3 ("GOOGLE MOTION MARK refers [sic] YOUR alleged trademark . . ."); Osborne v. Google, No. 18-SM-207-SWS (D. Wyo. Nov. 27, 2018) ("What's good for the goose is good for the gander, and the Court finds no basis for corrective action here.") (Focarino Decl. Ex. L).

### III. Conclusion

The request for corrective action contained in Osborne's Notice (Doc. 1) is therefore **DENIED**. The Clerk of Court is respectfully directed to send copies of this Order to Osborne and counsel for Google by both U.S. Mail and electronic mail.

Signed: January 7, 2019

W. Carleton Metcalf
United States Magistrate Judge